## LUCIUS M. ROOD

### *v.*

## STATE OF ILLINOIS.

*Opinion filed September 28, 1906.*

1.  NON-LIABILITY OF STATE—*what does not constitute claim against the State.* Claimant, while employed at his duties in Lincoln Park, and without fault on his part, was struck upon the head with a bale of straw thrown from a barn by a co-employee. *Held,* that the State is not liable.

2.  RESPONDEAT SUPERIOR—*doctrine of not applicable to State.* The doctrine of *respondeat superior* does not apply to the State, and the State is not liable for the misfeasance, torts, wrongs, negligence or omissions of duty of its officers or agents. (*Henke* v. *State, supra,* cited by Court.)

The declaration in this case alleges that Lucius M. Rood, while employed at Lincoln Park, in the City of Chicago, Illinois, on the 21st day of June, A. D. 1903, was severely injured by being struck on the head by a bale of straw, which was thrown from the second story of a barn located in said park; that the said Lucius M. Rood was at the time and for some time previous thereto employed by the commissioners of said Lincoln Park, and that while in the performance of his duty, without fault on his part, was struck as aforesaid; that the said bale of straw was thrown from the said barn by a co-employee of said claimant, by the name of John Anderson; and that in consequence of said injuries the said Lucius M. Rood has been confined to his bed ever since, has been unable to work and has suffered permanent disabilities.

To the said declaration the Attorney General has filed a demurrer.

As this Court has uniformly held since its organization that the State is not liable for the misfeasance, torts, wrongs, negligence or omissions of duty of its officers or agents, and that it does not undertake to guarantee to any persons the fidelity of those it em-

ploys (see *Henke* v. *State,* filed of even date herewith), the demurrer must be sustained.

Inasmuch, however, as we recognize that this is a case appealing strongly to sympathy, the sustaining of the demurrer is hereby declared to be without prejudice to the said claimant, and the rejection of the claim is not to conclude the claimant herein or to bar his further presentation of this claim to the legislature.